**DYKEMA GOSSETT LLP**
PATRICIA M. COLEMAN, SBN: 102646
333 South Grand Avenue
Suite 2100
Los Angeles, California 90071
Telephone:    (213) 457-1800
Facsimile:    (213) 457-1850
pcoleman@dykema.com

Attorneys for Defendant
GENERAL MOTORS CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY, a Connecticut corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a California municipal corporation; GENERAL MOTORS CORPORATION, a Delaware corporation; LORONIX, INC., A California corporation, VERINT SYSTEMS, INC., a Delaware corporation,<br><br>Defendants.<br><br>AND RELATED CROSS-CLAIMS. | Case No. C 06 1021 - PJH<br><br>**STIPULATION AND [~~PROPOSED~~] ORDER FOR PROTECTION OF CONFIDENTIAL INFORMATION** |

Cross-claimants and cross-defendants City and County of San Francisco, General Motors Corporation and Neoplan USA Corporation (collectively "Party" or "Parties"), through their respective counsel of record, Stipulate and Agree to entry of a Protective Order for protection of confidential information pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, as follows:

1.    "Confidential Information," as used herein, means any information of any type, kind or character which is designated as "Confidential" by any supplying party, whether it be a document, information contained in a document, information revealed during a deposition,

information revealed in an interrogatory answer, information revealed in a sworn declaration, or otherwise that (a) qualifies for protection under the standards developed under Fed. R. Civ. P. 26(c)(7), or (b) qualifies for protection as a "trade secret" pursuant to California or Federal law, or (c) represents a Party's non-public financial information.

2. No document or information shall be regarded as "Confidential" if it is information that:

    a. Is in the public domain at the time of disclosure, as evidenced by a written document or sworn statement;

    b. Becomes part of the public domain through no fault or action of the producing party, as evidenced by a written document or sworn statement;

    c. The receiving party can show by written document that the information was in its rightful and lawful possession at the time of disclosure; or

    d. The receiving party lawfully received the information at a later date from a third party, provided such third party has the right to make the disclosure to the receiving party.

3. Confidential Information produced or exchanged in the course of this litigation shall not be disclosed, in whole or in part, directly or indirectly, by any person granted access thereto under or as a result of this Protective Order, for any purpose or to any person or entity whatsoever, except for the preparation and trial of this litigation, in settlement or mediation of the claims asserted in this litigation, or as otherwise permitted in accordance with the terms of this Order.

4. Documents produced in this litigation, whether formally or informally, may be designated by any party or parties as "Confidential" and as such subject to this Protective Order, by marking or otherwise permanently affixing the document so designated with a stamp stating "Confidential – Subject to Protective Order". Any such designation shall be affixed to the document so as not to obscure or deface the material or any portion of its contents. Documents so produced shall also bear the name or other indication of the producing party, e.g., "SF" for City and County of San Francisco, "GM" for General Motors Corporation and "N" for Neoplan, Inc. In lieu of marking the original of a document, if the original is not produced, the designating party may mark the copies that are produced. Originals shall be preserved for inspection.

5. Information disclosed (a) at the deposition of a party or one of its present or former officers, directors, employees, agents or independent experts retained by counsel for the purpose of this litigation, or (b) at the deposition of a third party, which information pertains to a party, may be designated by any party as "Confidential" information by (1) indicating on the record at the deposition that the testimony is "Confidential" and subject to the provisions of this Protective Order, or (2) notifying all of the parties in writing, within thirty (30) days of receipt of the transcript, that the testimony (identified by reference to specific pages and lines in the transcript) is "Confidential" and subject to the provisions of this Protective Order.  If a confidentiality designation is made at a deposition, counsel for the party whose Confidential Information is to be disclosed or inquired into is responsible to notify the court reporter to transcribe separately the portion of the testimony during which there is inquiry or reference to Confidential Information. The court reporter shall mark the transcript with the appropriate confidentiality designation or each party shall attach a copy of the written notice to the face of the transcript and each copy thereof in counsel's possession, custody or control.

6. "Qualified Person," as used herein, means:

    a. Counsel of record for the parties in this litigation and employees of such counsel to whom it is necessary that the Confidential Information be shown for the prosecution, defense, settlement or other handling of the litigation;

    b. Officers, directors, employees and other representatives of the receiving party, but only for a purpose related to the prosecution, defense, settlement or other handling of this litigation;

    c. Independent experts, consultants and advisors employed or retained by counsel of record to perform investigative work, research, analysis, expert testimony and other services necessary to the prosecution, defense, settlement or other handling of this litigation;

    d. Deponents during the course of their testimony, and to court reporters, notaries and staff;

    e. Court personnel who, in the course of performing their duties or responsibilities, need to have access to Confidential Information; and

f. Such other persons as hereafter may be designated by stipulation of the parties or by further order of the Court.

7. Confidential Information shall not be disclosed or made available by the receiving party to any person other than a Qualified Person.

8. Any party designating any person as a Qualified Person shall have the duty reasonably to ensure that such person observes the terms of this Protective Order. Any person authorized to be given access to Confidential information pursuant to paragraphs 7(a) or (d) shall, prior to such access or disclosure, be advised of the provisions of this Protective Order and be instructed to comply with the Order. Any person authorized to be given access to Confidential information pursuant to paragraphs 7(b) or (c) shall, prior to being given access or disclosure, read this Protective Order and agree in writing to be bound hereby by executing a declaration in the form attached hereto as Exhibit "A". Each such original executed declaration shall be retained by the counsel at whose instance such access or disclosure has been permitted. In the event of a dispute regarding the improper use or disclosure of Confidential Information, the parties hereto will meet and confer in good faith to establish a procedure for the disclosure of the identities of persons to whom access to Confidential Information was permitted (including, but not limited to, executed declarations) while preserving any work product protection or other privileges that may attach to such information. At a minimum, the parties agree that such information shall, on request, be submitted to the Court in camera in connection with any proceeding relating to the potential violation of this Protective Order.

9. Inadvertent failure to designate documents or information as Confidential may be remedied by supplemental written notice given by the producing party designating such documents or information. Upon receipt of such notification, all documents, materials or testimony so designated or redesignated shall be subject to this Order as if they had been initially so designated; provided, however, that the receiving party shall incur no liability for any previous treatment of such information in conformance with its original designation. Any person or party receiving such notice shall make a reasonable good faith effort to ensure that all analyses, memoranda or notes

1   which were internally generated based on such information shall be treated in conformance with
2   any such supplemental designation or redesignation.

3       10.    If any party seeks to file Confidential information in any memorandum, declaration
4   or other paper filed or lodged with the Court, that party shall comply with Local Rule 79-5 and
5   Judge Hamilton's Standing Order For Cases Involving Sealed or Confidential Documents.

6       11.    This Protective Order is intended solely to facilitate the preparation and trial of this
7   action. Nothing herein shall be construed as an admission or agreement by any adverse party that
8   Confidential Information designated hereunder constitutes or contains trade secret, confidential or
9   proprietary material, and the designation of any material as Confidential pursuant to this Order shall
10  not constitute an adjudication that such material in fact constitutes or contains any trade secret,
11  confidential or proprietary information. This Protective Order is also without prejudice to the right
12  of any party to bring before the court at any time the question of whether any particular information
13  is or is not relevant to any issue in this case, and such right is hereby expressly reserved. Previous
14  designation of information as Confidential pursuant to this Protective Order shall not be construed
15  as an admission of relevance.

16      12.    A party shall not be obligated to challenge the propriety of a designation as
17  Confidential at the time made, and a failure to do so shall not preclude a subsequent challenge to a
18  designation. If a party disagrees with or challenges the grounds or basis for the designation of any
19  document or information as Confidential, that party shall nevertheless treat and protect such
20  document or information in accordance with this Protective Order until all parties have agreed in
21  writing, or an order of the Court has been entered and become enforceable, that such challenged
22  Confidential Information may be used or disclosed in a manner different than that specified in this
23  Protective Order. In the event of such a disagreement, or if a party challenges the designation of
24  any person as a Qualified Person, the parties shall first try to resolve such dispute in good faith on
25  an informal basis. If the dispute regarding a designation is not resolved informally, the party
26  challenging the designation will have the burden to pursue any relief desired, but the party making
27  the designation will have the burden to justify the appropriateness of and/or need for the
28  designation.

1   13.  Nothing contained in this Protective Order shall preclude any party from seeking and
2   obtaining, upon a showing of good cause, additional protection with respect to the confidentiality of
3   documents or other information, including, but not limited to, additional restrictions on disclosure to
4   the parties herein.

5   14.  Any party to this matter may, at any time, request the modification or termination of
6   this Protective Order. Such a request may be granted by the Court only after due notice and hearing
7   and upon a showing of good cause.

8   15.  Nothing in this Protective Order shall prevent disclosure beyond the terms of this
9   Order if each party designating the information as Confidential consents to such disclosure or if the
10  Court, after notice to all affected parties, orders such disclosure.

11  16.  Notwithstanding any provision of this Protective Order to the contrary, any
12  information, whether previously designated confidential or previously sealed, will be unsealed
13  and/or will lose its confidential status if offered as an exhibit at trial, absent a showing of the "most
14  compelling" reasons. See Manual for Complex Litigation § 21.432; Foltz v. State Farm Mut.
15  Automobile Ins. Co., 331 F.3d 1122, 1135-1136 (9th Cir. 2003). Any party believing that a
16  document, portions thereof, or witness testimony should remain confidential or sealed during trial
17  must request in advance of trial that the court take extraordinary measures, such as closing the
18  courtroom to the public or sealing the trial transcript, to protect the confidentiality of that
19  information. The request must be made in writing and filed no later than the date on which pretrial
20  papers are due.

21  17.  Within ninety (90) days after the final disposition of this matter, counsel for a party
22  may demand in writing that all documents designated by that party as Confidential (including,
23  without limitation, any copies, extracts or summaries based on the Confidential Information) shall
24  be delivered to the demanding counsel or destroyed, and each counsel shall, by declaration
25  delivered to all adverse counsel, affirm that all such Confidential Information (including, without
26  limitation, any copies, extracts or summaries) have been returned or destroyed; provided, however,
27  that each counsel shall be entitled to retain pleadings, memoranda, declarations or affidavits,
28  marked exhibits and/or deposition transcripts and videotapes which attach, contain or refer to any

Confidential Information (including, without limitation, any copies, extracts or summaries), to the extent necessary to preserve a litigation file with respect to this matter.

Dated: November 13, 2007        DYKEMA GOSSETT LLP

By: _____
Patricia M. Coleman
Attorneys For Cross-Claimant and Cross-Defendant GENERAL MOTORS CORPORATION

Dated: November ___, 2007        CITY AND COUNTY OF SAN FRANCISCO

By: _____
Dennis J. Herrera, City Attorney
Joanne Hoeper, Chief Trial Attorney
Robin M. Reitzes Deputy City Attorney
Kristine A. Poplawski, Deputy City Attorney
Attorneys for Cross-Claimant and Cross-Defendant CITY AND COUNTY OF SAN FRANCISCO

Dated: November ___, 2007        WENDEL, ROSEN, BLACK & DEAN, LLP,

By: _____
Matthew F. Graham, Esq.
Tammy A. Brown, Esq.
Attorneys for Cross-Claimant and Cross-Defendant NEOPLAN USA CORPORATION

Confidential Information (including, without limitation, any copies, extracts or summaries), to the extent necessary to preserve a litigation file with respect to this matter.

Dated: November ____, 2007    DYKEMA GOSSETT LLP

By: _____
Patricia M. Coleman
Attorneys For Cross-Claimant and Cross-Defendant GENERAL MOTORS CORPORATION

Dated: November /3, 2007    CITY AND COUNTY OF SAN FRANCISCO

By: *[signature]*
Dennis J. Herrera, City Attorney
Joanne Hoeper, Chief Trial Attorney
Robin M. Reitzes Deputy City Attorney
Kristine A. Poplawski, Deputy City Attorney
Attorneys for Cross-Claimant and Cross-Defendant CITY AND COUNTY OF SAN FRANCISCO

Dated: November ____, 2007    WENDEL, ROSEN, BLACK & DEAN, LLP,

By: _____
Matthew F. Graham, Esq.
Tammy A. Brown, Esq.
Attorneys for Cross-Claimant and Cross-Defendant NEOPLAN USA CORPORATION

Confidential Information (including, without limitation, any copies, extracts or summaries), to the extent necessary to preserve a litigation file with respect to this matter.

Dated: November ___, 2007         DYKEMA GOSSETT LLP

By: _____
Patricia M. Coleman
Attorneys For Cross-Claimant and Cross-Defendant GENERAL MOTORS CORPORATION

Dated: November ___, 2007         CITY AND COUNTY OF SAN FRANCISCO

By: _____
Dennis J. Herrera, City Attorney
Joanne Hoeper, Chief Trial Attorney
Robin M. Reitzes Deputy City Attorney
Kristine A. Poplawski, Deputy City Attorney
Attorneys for Cross-Claimant and Cross-Defendant CITY AND COUNTY OF SAN FRANCISCO

Dated: November 13, 2007          WENDEL, ROSEN, BLACK & DEAN, LLP,

By: _____
Matthew F. Graham, Esq.
Tammy A. Brown, Esq.
Attorneys for Cross-Claimant and Cross-Defendant NEOPLAN USA CORPORATION

**ORDER**

11/15/07

IT IS SO ORDERED.

_____
Phyllis J. Hamilton
United States District

*[Seal: UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA — IT IS SO ORDERED / Judge Phyllis J. Hamilton]*

§ 10

STIPULATION AND [PROPOSED] ORDER FOR PROTECTION OF CONFIDENTIAL INFORMATION

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

# EXHIBIT "A"

## DECLARATION RE CONFIDENTIAL MATERIALS SUBJECT TO PROTECTIVE ORDER

The undersigned hereby acknowledges that he or she has read the foregoing Stipulation and Order For Protection of Confidential Material (the "Protective Order") filed with the United States District Court for the Northern District of California, in that certain action entitled Travelers Casaulty and Surety Company v. City and County of San Francisco, et al., , U.S.D.C. Case No. C 06 1021 PJH, and understands the terms thereof and agrees to be bound thereby.

The undersigned also acknowledges that he or she understands that Confidential Information, as defined in the Protective Order, may not be disclosed to anyone, except as authorized by the Protective Order, and may only be used for the limited and sole purpose of assisting in the preparation of trial and trial of the above-referenced matter. The undersigned further agrees, upon threat of penalty of contempt of other civil remedies, to be bound by such terms and irrevocably submit his or her person to the jurisdiction of the United States District Court for the Northern District of California for the limited purpose of securing compliance with the terms and conditions of the Protective Order.

Executed this _____ day of _____, 200__, at _____, _____.

_____
Signature

_____
(Type or Print Name)

PAS01\38310.1
ID\PMC

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 333 South Grand Avenue, Suite 2100, Los Angeles, California 90071.

On November 14, 2007, I served the foregoing document described as **STIPULATION AND [PROPOSED] ORDER FOR PROTECTION OF CONFIDENTIAL INFORMATION** on all interested parties in this action as follows:

See Attached List

☐ **(BY MAIL)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on the same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing on affidavit.

☒ **(BY E-FILING)** Via the court required e-filing service.

☐ **(BY PERSONAL SERVICE)** I delivered such envelope by hand to the offices of the addressee.

☐ **(BY OVERNIGHT)** Via Federal Express.

☐ **(BY FACSIMILE)** By transmitting in true copy thereof by facsimile from facsimile umber (213) 457-1850 to the facsimile number(s) shown above.

☐ (State) I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on November 14, 2007, at Los Angeles, California.

                                                    /s/ Martha Alvarez
                                                  Martha Alvarez

**TRAVELERS CASUALTY AND SURETY COMPANY v. CITY AND COUNTY OF SAN FRANCISCO, et al.**
**USDC Case No. C 06 1021- PJH**

| | |
|---|---|
| Dennis J. Herrera, City Attorney<br>Joanne Hoeper, Chief Trial Attorney<br>Robin M. Reitzes Deputy City Attorney<br>Kristine A. Poplawski, Deputy City Attorney<br>City and County of San Francisco – Fox Plaza<br>1390 Market Street, 6th Floor<br>San Francisco, CA 94102<br><br>415/554-4251<br>F: 415/554-3837 | Attorneys for Defendant City and County of San Francisco |
| Matthew F. Graham, Esq.<br>Tammy A. Brown, Esq.<br>Aiken, Kramer & Cummings, Inc.<br>c/o Wendel, Rosen, Black & Dean, LLP<br>1111 Broadway, 24th Floor<br>Oakland, CA 94607<br><br>510/834-6600<br>F: 510/834-1928 | Attorneys for Cross-Defendant and Cross-Claimant Neoplan USA Corporation |

30122.1